# UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD SCOTT SNOW,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **V.** | ) CIVIL ACTION NO. |
| | ) |
| **GC SERVICES LIMITED** | ) |
| **PARTNERSHIP,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## COMPLAINT AND JURY TRIAL DEMAND

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and out of state law violations.

3. The civil liability portion of the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person..." 15 U.S.C. § 1692k(a).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, Richard Scott Snow, is a natural person who resides in Shelby County, Alabama, and is a "person" who has standing to bring this action under 15 U.S.C. § 1692k.

6. Defendant GC Services Limited Partnership (hereinafter referred to as "GC") is a collection agency operating from an address of 6330 Gulfton, Houston, Texas 77081, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Amanda Hoar allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Amanda Hoar.

9. Amanda Hoar is a neighbor of Plaintiff.

*August 15, 2012*

10. On or about August 15, 2012, Plaintiff came home from work sick and was awakened by a phone call from Defendant.

11. Plaintiff received a phone call from a person who identified himself as Sean. Sean asked Defendant to leave a note on Amanda Hoar's door. Sean said he was having a hard time reaching Amanda Hoar at 277 Creekside Lane, Pelham, Alabama 35124. Plaintiff was concerned about the legality of placing a not on his neighbors door, so he called Sean back a few minutes later. Sean transferred Plaintiff to a supervisor after Plaintiff expressed concern over nature of phone call. The supervisor tried to reassure Plaintiff that nothing was illegal about this conduct and then the call was ended.

12. The communication to Plaintiff by Defendant violates the FDCPA as an improper third-party communication.

13. The communication to Plaintiff by Defendant was not for the purpose of acquiring location information of Amanda Hoar.

14. The Defendant knows it is illegal for a debt collector to communicate with any person other than the consumer for some purpose other than acquiring location information about the consumer.

15. Instead of doing what is reasonable and what any honorable debt collector would do, Defendant has instead planned, executed, and carried out a collection scheme, plan, and campaign of harassment against Plaintiff.

16. Defendant admits that it is a debt collector with respect to its conduct towards the Plaintiff.

## SUMMARY

17. All of the above-described collection communications made to Plaintiff by Defendant and collection agents of Defendant were made in violation of the FDCPA.

18. The above detailed conduct by Defendant reflects its knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof Defendant willfully, maliciously, recklessly, and/or negligently undertook its actions and it was successful in causing the harm to the Plaintiff that Defendant wanted to cause.

19. Plaintiff has suffered actual damages as a result of this illegal collection communications by this Defendant in the form of stress, anguish, lost wages and his relationship with Amanda Hoar will be forever changed.

20. The only way that abusive debt collectors like Defendant will stop their abusive practices towards consumers is by a jury verdict fully compensating

Plaintiff for the harm done to Plaintiff and by a significant punitive damage award.

21. A significant punitive damage award will get the attention of Defendant and other abusive consumers and to gain an unfair competitive advantage over honorable, law abiding debt collectors so that they will realize that it no longer makes economic sense to abuse collectors.

22. A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

23. All of the above-described collection communication made to Plaintiff by Sean and other collection employees employed by Defendant were made in violation of provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(b) and § 1692d.

### *Respondeat Superior Liability*

24. The acts and omissions of this individual collector, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

25. The acts and omissions by these individual employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

26. By committing these acts and omissions against Plaintiff, these individual collectors were motivated to benefit their principal, Defendant.

27. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, § 1692c(b) and § 1692d.

31. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

32. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

33. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

34. Had Defendant hired competent debt collectors, the violations described in

this Complaint would not have occurred.

35. Had Defendant properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred.

36. The Defendant carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

37. Defendant knew that the actions it was taking against the Plaintiff would likely and certainly cause the exact type of injuries and damages that Plaintiff suffered at the hands of the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT II.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper

Respectfully submitted,

Dated: 11-1-2012

/s/ S. Scott Allums
S. Scott Allums (ASB-5967-n62a)
S. SCOTT ALLUMS, PC
506 North 18th Street
Bessemer, Alabama 35020
Telephone:  (205) 426-7080
Facsimile: (205) 426-7090
ssallums@gmail.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA )
)
COUNTY OF JEFFERSON )

Plaintiff, Richard Scott Snow, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Richard Scott Snow

Subscribed and sworn to before me
this _1st_ day of _November_, 2012.

_Shannon J. Weekley_
Notary Public